# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| **NOELLE LLAMAS and**<br>**KEN KLIPPENSTEIN** | |
| *Plaintiffs*,<br><br>v.<br><br>**U.S. ARMY,  FEDERAL BUREAU OF INVESTIGATION, OFFICE OF INTELLIGENCE AND ANALYSIS, NATIONAL GUARD, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, and U.S. SECRET SERVICE**,<br><br>*Defendants.* | CIVIL ACTION NO. 6:21-cv-1168<br><br>**COMPLAINT** |

## COMPLAINT

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to order the production of records from U.S. Army, Federal Bureau of Investigation, Office of Intelligence and Analysis, National Guard, Office of the Director of National Intelligence and U.S. Secret Service, related to emails sent from specific officials from 12:00am ET on January 6, 2021 to 4:00pm ET on January 20, 2021. Defendants have withheld these records despite properly filed FOIA requests.

## PARTIES

2. Defendants U.S. Army ("ARMY"), Federal Bureau of Investigation ("FBI"), Office of

1

Intelligence and Analysis ("I&A"), National Guard ("NG"), Office of the Director of National Intelligence ("ODNI"), and U.S. Secret Service, ("USSS") are agencies of the United States under 5 U.S.C. § 552(f)(1) with possession and control of the records sought by Plaintiffs.

3. Plaintiff Noelle Llamas is a Florida resident who, as a student, has a permanent address of 32333 Okaloosa Trail, Sorrento, Florida 32776, and also resides at 4420 Leola Lane, Orlando, Florida 32812.

4. Plaintiff Ken Klippenstein is a reporter at The Intercept, reporting on national security matters and the conduct of federal agencies; his work has been referenced by The New York Times, The Washington Post, The Los Angeles Times, The Atlantic and other major media outlets. Plaintiff Klippenstein's work has also been referenced by Congress.

5. Klippenstein intends to use the records to create a distinct work, educating the public about the conduct of government agencies and the actions of those agencies on the day of the invasion of the Capitol building through the Inauguration of President Joseph R. Biden. Klippenstein intends to disseminate this information, which is of interest to a segment of the public, in the form of a news article.

**JURISDICTION AND VENUE**

6. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Plaintiff Noelle Llamas' residence is in the Middle District of Florida and therefore venue is appropriate under 5 U.S.C. § 552(a)(4)(B).

**FACTUAL BACKGROUND**

8. On January 6, 2021 the "Stop the Steal" rally was held by then President Donald J. Trump and was attended by thousands of his supporters. What began as a peaceful protest or demonstration

escalated into what has been described as an insurrection, and the Capitol Building was breached by violent protesters, resulting in five deaths.

9. The events of January 6, 2021 caused substantial public concern regarding potential continued unrest in the National Capital Region in the weeks leading up to the Inauguration of President Joseph R. Biden.

10. The ARMY, FBI, I&A, NG, ODNI and USSS all played important roles in the safety and security of the National Capital Region ("NCR").

11. The ARMY, FBI, I&A, NG, ODNI and USSS all have officials responsible for directing the actions of its agency as well as deploying its resources.

12. Plaintiffs' FOIA requests sought emails from each agency from 12:00 am on January 6, 2021 to 4:00 pm on January 20, 2021, to shed light on the safety and security concerns for the NCR during that time period. Plaintiffs did not limit their requests by keyword. The officials whose emails were sought varied by agency, resulting in 6 separate FOIA requests.

13. Plaintiffs' FOIA requests sent to each agency sought a media fee category based upon Plaintiff Klippenstein's employment and history of reporting on national security, and additionally sought a fee waiver as disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government as mentioned above and is not primarily in the commercial interest of the requesters.

**CAUSE OF ACTION**

14. Plaintiffs incorporate the allegations in the preceding paragraphs as though fully set forth herein.

15. FOIA requires federal agencies to respond to public requests for records, including files

3

maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

16. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

17. Plaintiffs submitted the requests on the evening of February 5, 2021 making February 8, 2021 the day of receipt. Twenty (20) working days from February 8, 2021 was March 8, 2021. Even adding 10 additional days for unusual circumstances, time for any permissible hold period, or a transfer to another office/component, the applicable time limits have expired several months ago.

18. As of the date of this filing, Plaintiffs have not received a final determination on any of their 6 FOIA requests.

19. Defendants' failure to make determinations on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

20. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its February 5, 2021 FOIA requests, Plaintiffs now seek an order from this Court requiring the Defendants to immediately produce the records sought in Plaintiffs' FOIA

requests, as well as other appropriate relief, including attorney's fees and costs.

Count 1: U.S. Army ("ARMY")

21. Plaintiffs' first request was submitted to the ARMY on the evening of February 5, 2021, via

email to usarmy.belvoir.hqda-oaa-ahs.mbx.rmda-foia@mail.mil with the request attached as a

PDF, seeking the following records:

> *We respectfully request copies of all email communications (including email messages, complete email chains, email attachments, calendar invitations and calendar invitation attachments) sent from the following officials — including those occupying the specified office in any capacity (e.g. Acting, performing the duties of, etc.) — from 12:00AM EST on January 6, 2021 to 4:00PM EST on January 20, 2021, from the following officials:*
> *1. Secretary of the Army*
> *2. Director of the Army Staff*
>
> *In an effort to accommodate your agency and reduce the number of potentially responsive records to be processed and produced, we are limiting our request to emails sent by the aforementioned officials. To be clear, however, we still request that complete email chains be produced, displaying both sent and received messages. This means, for example, that both an official's response to an email and the initial received message are responsive to this request and should be produced.*
>
> *We request responsive records maintained on both classified and unclassified systems be produced, as there is often segregable non-exempt material maintained on classified systems. Additionally, to the extent that records contain both classified and unclassified portion-markings, sections portion-marked at the U//FOUO, "Sensitive But Unclassified" (SBU) and similar levels are segregable and should be produced. Therefore, we anticipate significant non-exempt materials in response to multiple search terms above.*
>
> *Respectfully, we are not interested in narrowing this request to records containing specific keywords, as that would exclude records responsive to our request that don't contain explicit reference to the subject matter for which we are filing this request (described below). We have provided you with a reasonably narrow, specific list of officials and a narrow timeframe. Please note that the Freedom of Information Act does not stipulate the necessity of keywords.*

22. Per 32 C.F.R. Army Regulation 5-200.d1, "The Administrative Assistant to the Secretary of

the Army is authorized to act for the Secretary of the Army on requests for all records

maintained by the Office of the Secretary of the Army and its serviced activities, except those specified in (2) through (6) below, as well as requests requiring the personal attention of the Secretary of the Army."

23. On June 16, 2021, Klippenstein received an email from usarmy.belvoir.hqda-oaa-ahs.mbx.rmda-foia@mail.mil with an attached response letter from the Office of the Administrative Assistant to the Secretary, U.S. Army Headquarters Services, with an address 9301 Chapek Road, Fort Belvoir, VA, assigning the request case numbers FA-21-1607 / FP-21-013039. The letter further stated that that office services as a referral point for FOIAs and it was referring the request to the Administrative Assistant to the Secretary of the Army, Chief Attorney and Legal Services, with an address of 9301 Chapek Road, Bldg. 1458, Fort Belvoir, VA and the contact email address is usarmy.belvoir.hqda-oaa-rpa.mbx.oaa-cals-mailbox-foia@mail.mil. Additionally, the letter stated the request would receive a new control number once it was received at the next agency.

24. On July 8, 2021, Klippenstein requested an estimated date of completion by email and the proper tracking number and attached the June 16, 2021 response letter for reference.

25. On July 12, 2021, Klippenstein received an email from the ARMY with an acknowledgement letter. The letter assigned the request FOIA Activity Control Number FA-21-0073 and stated requests are processed on a "first-in, first-out" basis and the complete processing of a request can take weeks or months.

26. Plaintiffs have received no documents related to FOIA request FA-21-1607 / FP-21-013039 or FA-21-0073 and the ARMY has yet to make a final determination in response to Plaintiffs' FOIA request.

27. The ARMY has failed to provide or formally deny documents within twenty working days and

has not made a final determination with regard to Plaintiff's first FOIA request. therefore has constructively denied Plaintiffs' FOIA request under 5 U.S. Code § 552(a)(6)(A)(i).

28. "The 20-day period under clause (i) shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section." 5 U.S. Code § 552(a)(6)(A)(ii).

29. The ARMY is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The ARMY's refusal to provide Plaintiffs with the records requested or make a determination on Plaintiffs' FOIA request within 20 working days of February 8, 2021, is a violation of FOIA.

<u>Count 2: Federal Bureau of Investigation ("FBI")</u>

30. The request was submitted to the FBI on the evening of February 5, 2021, via online portal, filling out all sections and uploading a PDF of the request, seeking the following records:

> *We respectfully request copies of all email communications (including email messages, complete email chains, email attachments, calendar invitations and calendar invitation attachments) sent from the following officials — including those occupying the specified office in any capacity (e.g. Acting, performing the duties of, etc.) — from 12:00AM EST on January 6, 2021 to 4:00PM EST on January 20, 2021, from the following officials:*
> *1. Executive Assistant Director, National Security Branch*
> *2. Assistant Director, Counterterrorism Division*
> *3. Executive Assistant Director, Intelligence Branch*
> *4. Assistant Director, Directorate of Intelligence*
>
> *In an effort to accommodate your agency and reduce the number of potentially responsive records to be processed and produced, we are limiting our request to emails **sent** by the aforementioned officials. To be clear, however, we still request that complete email chains be produced, displaying both sent and received messages. This means, for example, that both an official's response to an email and the initial received message are responsive to this request and should be produced.*

7

*We request responsive records maintained on both classified and unclassified systems be produced, as there is often segregable non-exempt material maintained on classified systems. Additionally, to the extent that records contain both classified and unclassified portion-markings, sections portion-marked at the U//FOUO, "Sensitive But Unclassified" (SBU) and similar levels are segregable and should be produced. Therefore, we anticipate significant non-exempt materials in response to multiple search terms above.*

*Respectfully, we are not interested in narrowing this request to records containing specific keywords, as that would exclude records responsive to our request that don't contain explicit reference to the subject matter for which we are filing this request (described below). We have provided you with a reasonably narrow, specific list of officials and a narrow timeframe. Please note that the Freedom of Information Act does not stipulate the necessity of keywords.*

31. On February 5, 2021, Klippenstein received an automated email stating the request was received and included a copy of the filled form.

32. On February 11, 2021, Klippenstein received an acknowledgement letter stating the request was received and consistent with the eFOIPA terms of service, that the request for fee waiver was under consideration, that any fees would be charged as a representative of the news media and provided a tracking number of 1489106-000.

33. A second letter was received by Klippenstein on February 11, 2021, stating that unusual circumstances applied to the processing of the request, but did not specify the nature of the unusual circumstances.

34. On July 8, 2021, Klippenstein sent an email to FBI at foipaquestions@fbi.gov seeking an estimated date of completion for this request and an unrelated request.

35. On July 9, 2021, Klippenstein received a response stating the request was in initial processing and that the search for records was ongoing and that the FBI did not know into which track the reply would fall. The FBI provided an estimated date of completion based upon a complex

request in the large processing track, estimating it will complete action on the request 1,964 days from the date it opened the request. The FBI continued that once the initial search was completed, Plaintiffs could seek an updated estimated date of completion.

36. Plaintiffs have received no documents related to FOIA request 1489106-000 and the FBI has yet to make a final determination in response to Plaintiffs' FOIA request.

37. The FBI has failed to provide any records or make a final determination within twenty working days and an extension on Plaintiffs' second FOAI request and therefore has constructively denied Plaintiffs' FOIA request under 5 U.S.C. § 552(a)(6)(A)(i).

38. The FBI is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The FBI's refusal to provide Plaintiffs with the records requested or make a final determination on Plaintiffs' FOIA request within 20 working days plus a 10-day extension from February 8, 2021, is a violation of FOIA.

<u>Count 3: Office of Intelligence and Analysis ("I&A")</u>

39. Plaintiffs' third request was submitted to I&A on the evening of February 5, 2021, via email to I&AFOIA@hq.dhs.gov with the request attached as a PDF, seeking the following records:

> *We respectfully request copies of all email communications (including email messages, complete email chains, email attachments, calendar invitations and calendar invitation attachments) sent from the following officials — including those occupying the specified office in any capacity (e.g. Acting, performing the duties of, etc.) — from 12:00AM EST on January 6, 2021 to 4:00PM EST on January 20, 2021, from the following officials:*
> *1. Under Secretary for Intelligence and Analysis*
> *2. Principal Deputy Under Secretary for Intelligence and Analysis*
> *3. Director of the Field Operations Division*
> *4. Regional Director for North Capital Region*
> *5. Director of the Current and Emerging Threats Center*
> *6. Deputy Under Secretary for Intelligence Enterprise Operations*
>
> *In an effort to accommodate your agency and reduce the number of potentially responsive records to be processed and produced, we are limiting our request to*

9

*emails **sent** by the aforementioned officials. To be clear, however, we still request that complete email chains be produced, displaying both sent and received messages. This means, for example, that both an official's response to an email and the initial received message are responsive to this request and should be produced.*

*We request responsive records maintained on both classified and unclassified systems be produced, as there is often segregable non-exempt material maintained on classified systems. Additionally, to the extent that records contain both classified and unclassified portion-markings, sections portion-marked at the U//FOUO, "Sensitive But Unclassified" (SBU) and similar levels are segregable and should be produced. Therefore, we anticipate significant non-exempt materials in response to multiple search terms above.*

*Respectfully, we are not interested in narrowing this request to records containing specific keywords, as that would exclude records responsive to our request that don't contain explicit reference to the subject matter for which we are filing this request (described below). We have provided you with a reasonably narrow, specific list of officials and a narrow timeframe. Please note that the Freedom of Information Act does not stipulate the necessity of keywords.*

40. On February 11, 2021, Klippenstein received an automated email from I&A acknowledging receipt of the request and assigning tracking number 2021-IAFO-00119.

41. On February 12, 2021, Klippenstein received an email from IAFOIA@hq.dhs.gov with an acknowledgement letter attached. The acknowledgment letter stated I&A determined the request was too broad in scope or did not specifically identify the records sought. The letter advised that DHS FOIA regulations[1] require the records sought be described with as much information as possible to ensure their search can locate the records with a reasonable amount of effort. The letter stated that "this herculean task, while not impossible, would still take too

---

[1] 6 CFR Subpart A § 5.1-13 contains DHS FOAI regulations. 6 CFR § 5.3 states: "Requesters must describe the records sought in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort. A reasonable description contains sufficient information to permit an organized, non-random search for the record based on the component's filing arrangements and existing retrieval systems. . . . If after receiving a request, a component determines that it does not reasonably describe the records sought, the component should inform the requester what additional information is needed or why the request is otherwise insufficient."

long and be too costly for a government agency to respond to." The letter provided a list of specific information that should be provided, if known, "or the DHS component or office you believe created and/or controls the record." The letter closed by asking for the request to be resubmitted within 30 days.

42. On February 13, 2021, Klippenstein replied to the March 12 email with the following: "This email is a response to DHS's letter for I&A FOIA request 2021-IAFO-00119, stating the request is too broad in scope or does not reasonably describe the records sought, and requesting a narrowing of the request. Our request reasonably describes the records sought (emails sent from 6 people within the Office of Intelligence & Analysis, to include email chains and attachments, calendar invites and invite attachments related to those 6 people), and the requested records are for a narrow timeframe (2 weeks). FOIA does not require us to provide keywords. That a request may produce many documents does not make the request too broad in scope. Please process the request as submitted as it meets the requirements of FOIA."

43. On March 18, 2021, Klippenstein received an automated email from palhelpdesk@hq.dhs.gov stating the status of the request was updated to "On Hold – Need Info/Clarification" and provided a link to DHS's online portal.

44. On March 18, 2021, Klippenstein used the link from the automated email of that same date and logged into DHS's online portal and sent a message stating he had received a notice the request was on hold and needed more information or clarification, but no email had been sent explaining what was needed. Klippenstein's reply went on to state that if the information or clarification relates to keywords, he did not wish to provide keywords and is requesting a blanket response for the timeframe requested.

45. On March 23, 2021, Klippenstein replied to the March 18 email from I&A describing the

February 12 acknowledgment letter and his February 13 response and that he heard nothing until the March 18 email he was replying to. Klippenstein further stated the request is being improperly held in abeyance and requested the hold be removed, the request be properly processed and a status update and estimated date of completion provided. Klippenstein provided contact information for the undersigned attorney should I&A need to speak to someone directly.

46. On March 31, 2021, palhelpdesk@hq.dhs.gov replied to Klippenstein's March 23 reply that it had forwarded his March 23 reply to the I&A FOIA Inbox for action and informed Plaintiff Klippenstein that palhelpdesk@hq.dhs.gov is for PAL application technical support and is not an inbox for FOIA related issues.

47. On April 2, 2021, Plaintiff Klippenstein received an email from IAFOIA stating a revised acknowledgment letter was attached and that I&A still requires additional narrowing of the request. The attached acknowledgement letter was nearly identical to the February 12 acknowledgment letter, this time typing in bold that when possible, requests should include **recipients** and **subject matter of the records** from the list of specific information, if these are known.

48. On April 3, 2021, Klippenstein replied to that email restating the records sought, that they could easily be located by I&A given the parameters, that the recipients are listed by their titles and no narrowing subject-matter keywords were provided because Plaintiffs were requesting all records created during the two-week timeframe. Klippenstein summarized: "In short, I&A can identify and locate the records, as they are reasonably described and narrow in scope to 6 I&A officials during a two-week timeframe in January."

49. On April 6, 2021, I&A agreed to conduct the search Klippenstein requested, but proposed

scoping the responsive records to only release the "from," "to," and "subject" lines of emails.

50. On April 7, 2021, Klippenstein replied: "We would like the entirety of the releasable portions of all records requested."

51. On April 9, 2021, Klippenstein received an email from IAFOIA with a second revised acknowledgment letter; that letter invoked a 10 day extension because of the voluminous amount of separate and distinct records sought.

52. On July 8, 2021, Klippenstein sent an email to iafoia@hq.dhs.gov stating the following: "I am seeking an estimated date of completion and status for the above mentioned FOIA request. The last response received from I&A was on April 9, 2021, invoking a 10 day extension. The April 9 letter from I&A also includes a link to check the status of the request but entering the request number at that link results in a message stating 'There is no FOIA request in the system for that number.'"

53. Plaintiffs have received no further response from I&A.

54. Plaintiffs have received no documents related to FOIA request 2021-IAFO-00119 and I&A has yet to make a final determination in response to Plaintiffs' FOIA request.

55. I&A has failed to provide any records or make a final determination within twenty working days and a 10-day extension on Plaintiffs' FOIA request and therefore has constructively denied Plaintiffs' FOIA request under 5 U.S.C. § 552(a)(6)(A)(i).

56. I&A is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. I&A's refusal to provide Plaintiffs with the records requested or make a determination on Plaintiffs' FOIA request within 20 working days, any permissible hold, plus a 10-day extension from February 8, 2021, is a violation of FOIA.

<u>Count 4: National Guard ("NG")</u>

57. Plaintiffs' fourth request was submitted to NG on the evening of February 5, 2021, via email

to ngb.foia@mail.mil with the request attached as a PDF, seeking the following records:

> *We respectfully request copies of all email communications (including email messages, complete email chains, email attachments, calendar invitations and calendar invitation attachments) sent from the following officials — including those occupying the specified office in any capacity (e.g. Acting, performing the duties of, etc.) — from 12:00AM EST on January 6, 2021 to 4:00PM EST on January 20, 2021, from the following officials:*
> *1. Chief, National Guard Bureau*
> *2. Vice Chief, National Guard Bureau*
> *3. Senior Enlisted Advisor to the CNGB*
> *4. Commanding General, DC National Guard*
> *5. Adjutant General, DC National Guard*
> *6. Director of Intelligence and Cyber, DC National Guard*
>
> *In an effort to accommodate your agency and reduce the number of potentially responsive records to be processed and produced, we are limiting our request to emails **sent** by the aforementioned officials. To be clear, however, we still request that complete email chains be produced, displaying both sent and received messages. This means, for example, that both an official's response to an email and the initial received message are responsive to this request and should be produced.*
>
> *We request responsive records maintained on both classified and unclassified systems be produced, as there is often segregable non-exempt material maintained on classified systems. Additionally, to the extent that records contain both classified and unclassified portion-markings, sections portion-marked at the U//FOUO, "Sensitive But Unclassified" (SBU) and similar levels are segregable and should be produced. Therefore, we anticipate significant non-exempt materials in response to multiple search terms above.*
>
> *Respectfully, we are not interested in narrowing this request to records containing specific keywords, as that would exclude records responsive to our request that don't contain explicit reference to the subject matter for which we are filing this request (described below). We have provided you with a reasonably narrow, specific list of officials and a narrow timeframe. Please note that the Freedom of Information Act does not stipulate the necessity of keywords.*

58. On March 24, 2021, Klippenstein received an email with an acknowledgment letter attached.

The acknowledgement letter assigned the request case number J-21-0096 and provided an

estimated completion date of February 28, 2023. The letter further stated the items in paragraphs 4, 5 and 6 were likely held by the DC National Guard and thus they were transferring those items to that office for processing.

59. On March 24, 2021, Plaintiffs appealed the estimated completion date of February 28, 2023; the appeal was acknowledged March 26, 2021, and assigned case number 21-AC-0055-A1.

60. On May 13, 2021, Klippenstein received an acknowledgment letter from the DC National Guard for the items in paragraphs 4, 5 and 6, which it listed as a, b and c, and assigned the request "Activity Control Number: FA-21-0007 and Control Number: Control Number: FP-21-017447."

61. On July 8, 2021, Plaintiff Klippenstein emailed NG at ng.dc.dcarng.mbx.foia@mail.mil and osd.mc-alex.ocmo.mbx.dfoipo-foia-appeals@mail.mil. The email provided all relevant case numbers and sought a status update and estimated date of completion, as well as clarification as to the proper case number to refer to, seeing multiple acceptance letters and having forgotten a portion was forwarded to the DC National Guard.

62. On July 11, 2021, Plaintiff Klippenstein forwarded the July 8, 2021 email to ng.ncr.ngb-arng.mbx.ngb-foia@mail.mil and requested a status and estimated date of completion.

63. On July 15, 2021, Plaintiff Klippenstein received an email from ng.ncr.ngb-arng.mbx.ngb-foia@mail.mil stating the request has been processed with an estimated completion date of "28 Feb 23" and is "#136 in the FOIA que [sic]."

64. Plaintiffs have received no documents related to FOIA request J-21-0096/FA-21-0007 and Control Number: Control Number: FP-21-017447/21-AC-0055-A1 and NG has yet to make a final determination in response to Plaintiffs' FOIA request.

65. NG has failed to make a determination on Plaintiffs' appeal.

66. NG has failed to provide - or formally deny - documents within twenty working days and therefore has constructively denied Plaintiffs' FOIA request and appeal under 5 U.S.C. § 552(a)(6)(A)(i).

67. NG is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. NG's refusal to provide Plaintiffs with the records requested or make a determination on Plaintiffs' FOIA request and appeal within 20 working days of February 8, 2021, is a violation of FOIA.

<u>Count 5: Office of the Director of National Intelligence ("ODNI")</u>

68. Plaintiffs fifth request was submitted to ODNI on the evening of February 5, 2021, via email to dni-foia@dni.gov with the request attached as a PDF, seeking the following records:

> *We respectfully request copies of all email communications (including email messages, complete email chains, email attachments, calendar invitations and calendar invitation attachments) sent from the following officials — including those occupying the specified office in any capacity (e.g. Acting, performing the duties of, etc.) — from 12:00AM EST on January 6, 2021 to 4:00PM EST on January 20, 2021, from the following officials:*
> *1. Director*
> *2. Principal Deputy Director*
> *3. Director, NCTC*
> *4. Deputy Director, NCTC*
> *5. Executive Director, NCTC*
> *6. Deputy Director, Mission Integration*
> *7. Election Threats Executive, Mission Integration*
>
> *In an effort to accommodate your agency and reduce the number of potentially responsive records to be processed and produced, we are limiting our request to emails **sent** by the aforementioned officials. To be clear, however, we still request that complete email chains be produced, displaying both sent and received messages. This means, for example, that both an official's response to an email and the initial received message are responsive to this request and should be produced.*
>
> *We request responsive records maintained on both classified and unclassified systems be produced, as there is often segregable non-exempt material maintained on classified systems. Additionally, to the extent that records contain both classified and unclassified portion-markings, sections portion-marked at the U//FOUO,*

*"Sensitive But Unclassified" (SBU) and similar levels are segregable and should be produced. Therefore, we anticipate significant non-exempt materials in response to multiple search terms above.*

*Respectfully, we are not interested in narrowing this request to records containing specific keywords, as that would exclude records responsive to our request that don't contain explicit reference to the subject matter for which we are filing this request (described below). We have provided you with a reasonably narrow, specific list of officials and a narrow timeframe. Please note that the Freedom of Information Act does not stipulate the necessity of keywords.*

69. On February 8, 2021, Klippenstein received an email from dni-foia@dni.gov stating the request was received.

70. On June 1, 2021, Klippenstein received an email with an acknowledgement letter attached. The letter granted the request for a fee waiver, assigned case number DF-2021-00112 to the request and stated the request *may* require contacting other components and ODNI *may* need to extend the time period to respond beyond the 10 additional days provided by statute. (Emphasis added).

71. On July 8, 2021, Klippenstein emailed DNI at dni-foia@dni.gov requesting a status and an estimated date of completion.

72. To date, Plaintiffs have received no further response from ODNI related to the request.

73. Plaintiffs have received no documents related to ODNI request DF-2021-00112 and ODNI has yet to make a final determination in response to Plaintiffs' FOIA request.

74. ODNI has failed to provide - or formally deny - documents within twenty working days and therefore has constructively denied Plaintiffs' FOIA request under 5 U.S.C. § 552(a)(6)(A)(i).

75. ODNI is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. ODNI's refusal to provide Plaintiffs with the records requested or make a determination on Plaintiffs' FOIA request within 20 working days of

February 8, 2021, is a violation of FOIA.

Count 6: U.S. Secret Service ("USSS")

76. Plaintiffs' sixth request was submitted to USSS on the evening of February 5, 2021, via email

to FOIA@usss.dhs.gov with the request attached as a PDF, seeking the following records:

> *We respectfully request copies of all email communications (including email messages, complete email chains, email attachments, calendar invitations and calendar invitation attachments) sent from the following officials — including those occupying the specified office in any capacity (e.g. Acting, performing the duties of, etc.) — from 12:00AM EST on January 6, 2021 to 4:00PM EST on January 20, 2021, from the following officials:*
> *1. Director*
> *2. Deputy Director*
> *3. Assistant Director, Office of Protective Operations*
> *4. Assistant Director, Office of Strategic Intelligence and Information*

> *In an effort to accommodate your agency and reduce the number of potentially responsive records to be processed and produced, we are limiting our request to emails **sent** by the aforementioned officials. To be clear, however, we still request that complete email chains be produced, displaying both sent and received messages. This means, for example, that both an official's response to an email and the initial received message are responsive to this request and should be produced.*

> *We request responsive records maintained on both classified and unclassified systems be produced, as there is often segregable non-exempt material maintained on classified systems. Additionally, to the extent that records contain both classified and unclassified portion-markings, sections portion-marked at the U//FOUO, "Sensitive But Unclassified" (SBU) and similar levels are segregable and should be produced. Therefore, we anticipate significant non-exempt materials in response to multiple search terms above.*

> *Respectfully, we are not interested in narrowing this request to records containing specific keywords, as that would exclude records responsive to our request that don't contain explicit reference to the subject matter for which we are filing this request (described below). We have provided you with a reasonably narrow, specific list of officials and a narrow timeframe. Please note that the Freedom of Information Act does not stipulate the necessity of keywords.*

77. On February 8, 2021, Klippenstein received an email from FOIA@usss.dhs.gov with an

attached acknowledgment letter. The acknowledgement letter assigned the request number

18

20210412 and held the fee waiver determination in abeyance.

78. On February 10, 2021, Klippenstein received an email from KEVIN.TYRRELL@usss.dhs.gov requesting a call to discuss the request. Klippenstein replied to that email requesting Mr. Tyrrell speak to undersigned counsel regarding the request.

79. On February 11, 2021, Mr. Tyrrell replied on the email that he would reach out to undersigned counsel.

80. On or about February 11, 2021, Mr. Tyrrell contacted undersigned counsel seeking to narrow the request and explained the search produced a large number of potentially responsive records, though many may be duplicates or not responsive so an exact number could not yet be provided. Undersigned counsel did not narrow the scope of the request, but did agree that there could be a rolling production after the total number of responsive records was determined, and a production schedule would be set at that time. Mr. Tyrrell estimated it would take approximately three (3) weeks to determine the exact number of responsive records.

81. On March 1, 2021, Klippenstein received an email from FOIA@usss.dhs.gov stating a search had been conducted and responsive records were located and being processed and would be mailed upon completion. The letter further stated there could be delays in processing the request.

82. On March 22, 2021, Klippenstein sent an email to Mr. Tyrrell stating that approximately one month prior Mr. Tyrrell had stated he should have an exact number of responsive documents and be able to come up with a production schedule and inquired as to the status of the documents and production schedule. Mr. Tyrrell replied back that same date, stating there were approximately 9,000 records and USSS was reviewing them for responsiveness and processing for release.

19

83. On July 8, 2021, Klippenstein forwarded the March 1, 2021, email with the attached response letter to FOIA@usss.dhs.gov requesting a status and an estimated date of completion and requested that if documents must be mailed, that they be mailed to undersigned counsel and provided her address.

84. On July 9, 2021, Klippenstein received an email from FOIA@usss.dhs.gov stating at this time the responsive documents are under review and a letter with the documents will be sent when the review is completed. The email further stated USSS is unable to provide an estimated date of completion and they are processing the request for information and that USSS's "Search Done/Responsive Records acknowledgement letter" of March 1 stated there could be delays.

85. Plaintiffs have received no documents related to USSS request 20210412 and USSS has yet to make a final determination in response to Plaintiffs' FOIA request.

86. USSS has failed to provide - or formally deny - documents within twenty working days and therefore has constructively denied Plaintiffs' FOIA request under 5 U.S.C. § 552(a)(6)(A)(i).

87. USSS is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. USSS's refusal to provide Plaintiffs with the records requested or make a determination on Plaintiffs' FOIA request within 20 working days of February 8, 2021, is a violation of FOIA.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs request this Court:

(A) Enter an order declaring that Defendants wrongfully withheld requested agency documents;

(B) Issue a permanent injunction directing Defendants to disclose to Plaintiffs all wrongfully withheld documents;

(C) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(D) Maintain jurisdiction over this action until Defendants are in compliance with the FOIA, the

Administrative Procedure Act, and every order of this Court;

(E) Award Plaintiffs attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

(F) Grant such additional and further relief to which Plaintiffs may be entitled.

Dated: July 18, 2021.

By:

_____

Elizabeth E. Bourdon, B.C.S.
Florida Bar No. 946591
435 N. Orange Ave., Suite 400
Orlando, FL 32801
(407) 797-1012
bbourdon@me.com
*Pro Bono Counsel for Plaintiffs*

21